THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>                Plaintiff,<br><br>v.<br><br>CARRIE L. COCHRAN et al.,<br><br>                Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 4:22-CV-12 DN<br><br>District Judge David Nuffer |

        In an Order dated June 13, 2022, the Court ordered Plaintiff to within thirty days file his required initial partial filing fee (IPFF) of $0.01 and a signed consent form, to have the remaining fee collected in increments from Plaintiff's inmate account. (ECF No. 21.) When Plaintiff did not comply, on August 18, 2022, the Court dismissed this case--without prejudice--for failure to follow the Court's order and to prosecute the case. (ECF No. 22.) Four days later, Plaintiff submitted his signed consent form and an account statement, along with written assertions that the inmate accounting office had sent the Court $0.03 to cover the IPFF. (ECF No. 24). Another week later, Plaintiff filed a motion for relief from judgment. (ECF No. 25.) His motion continues to argue that $0.03 was sent to cover his IPFF.

        In filings after this case was dismissed, Plaintiff insists that the inmate accounting office made a payment of $0.03 to cover his IPFF. (ECF Nos. 24, 25-5, 26.) However, he states the date of that payment was June 6, 2022, which is before the Court ordered his IPFF of $0.01. (ECF Nos. 24, 24-3, 25-5, 26.) He also penned a note on his consent form that says "second money transfer sent July 15, 2022 $0.03." (ECF No. 24, at 2.) Meanwhile, the inmate-account statement

that Plaintiff sent to support his assertions covers the period from March 7-21, 2022--which is about three months before his $0.01 payment was assessed, (ECF Nos. 24-1, 24-3)--so it sheds no light on the question of whether the payment was made. The Court has scoured its financial records regarding Plaintiff and has found no payment toward this case.

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff does not meet the exacting standard for relief under Rule 59(e); in other words, he has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Plaintiff has never shown that he paid the $0.01 IPFF required, nor has he tried again to pay the $0.01 to make up for the past lapse. The Court further notes that this action was dismissed without prejudice, so Plaintiff may not be foreclosed from filing these same claims in a new action.

**IT IS ORDERED** that:

(1) Plaintiff's post-judgment motion is **DENIED**. (ECF No. 25.) This action remains closed.

(2) Plaintiff's "Motion for supplemental pleadings" is **DENIED**. (ECF No. 30.) There is no utility to supplemental pleadings in a closed case.

DATED this _28th__ day of December, 2022.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court